UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                                                            )  Cr. No. 04-0017 (Erie)<br>)<br>)<br>)<br>DARRELL SIVIK                                             )<br>)<br>_____ ) | |

### MEMORANDUM IN AID OF SENTENCING

COMES NOW, Darrell Sivik, through counsel, Joseph R. Conte, 400 Seventh Street, N.W., Suite 400, Washington, D.C. 20004, to respectfully provide this Honorable Court with information concerning the defendant in aid of his sentencing currently scheduled for October 4, 2005. At his sentencing counsel will request that the court depart from the advisory Federal Sentencing Guidelines. In support thereof counsel has provided an accompanying memorandum of points and authorities.

Dated: September 20, 2005

                                                                                    Respectfully submitted,

                                                                                    _____
                                                                                    Joseph R. Conte, Bar #366827
                                                                                    400 Seventh St., N.W., #400
                                                                                    Washington, D.C. 20004
                                                                                    202.638.4100
                                                                                    Fax 202.628.0249

1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 04-0017 (Erie) |
| | ) |
| DARRELL SIVIK | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**<u>MEMORANDUM IN AID OF SENTENCING</u>**

**<u>Background</u>**

1. The defendant was arrested on March 25, 2004, and ultimately indicted for the unlawful transfer,[1] manufacture,[2] and possession,[3] of a machine guns. At the time of his arrest the defendant was held without bond pursuant to 18 U.S.C. §3142(f).

2. On July 1, 2004, the defendant was released from custody for medical reasons.

3. On July 7, 2004, the defendant underwent a five vessel coronary artery bypass graft.

4. Following surgery the defendant suffered several complications as a result of the surgery including a pleural effusion of his chest which required draining on several occasions.

---

[1] 26 U.S.C. §5861(e).

[2] 26 U.S.C. §5861(f).

[3] 26 U.S.C. §5861(d).

In addition the defendant was diagnosed with Dressler's Syndrome, an inflammation of the heart. The complications prohibited the defendant from entering cardiac rehabilitation for an extended period.

     5. On January 21, 2005, the defendant entered a guilty plea to Counts three and four of the superseding indictment, charging him with possession of unregistered machine guns.[4]

     6. On March 22, 2005, a Pre-Sentence Report was prepared. The defendant's Adjusted Offense Level was found to be 19 and his Criminal History Category was I with a resultant sentencing range of 30-37 months.

     7. On June 27, 2005, the defendant underwent further surgery for a Implantable Cardioverter Defibrillator to control his abnormal heart rhythms.

     8. In addition to heart disease the defendant also suffers from diabetes, severe acid reflux, uncontrolled blood pressure and chronic back pain secondary to degenerative joint disease.

### SENTENCING FACTORS

     9. *United States v. Booker* 125 S.Ct. 738 (2005), has returned to the sentencing courts the ability to apply the traditional sentencing factors in determining a sentence. Those factors, as spelled out in 18 U.S.C. §3553, are:

     (1) the nature and circumstances of the offense and the history and

---

[4] The defendant pleaded guilty pursuant to a plea agreement. That plea agreement permits the defendant to appeal this court's order denying his motion to dismiss the indictment on January 11, 2005.

characteristics of the defendant;

(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
    (B) to afford adequate deterrence to criminal conduct;
    C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available.

## ARGUMENT

10. The defendant is a 57 year old native of Meadville, Pennsylvania. The defendant has no prior convictions and up until his arrest he owned his own gunsmithing business.

11. The defendant's heart disease and surgery has made a cataclysmic change in the defendant's life. Previously the defendant was a hard working person who enjoyed the outdoors. The defendant is now disabled and will receive SSI benefits of $104.80 monthly. Mr. Sivik's daily life now involves a one mile walk, indoors, each morning followed by a short rest. In the afternoon Mr. Sivik is able to chop one piece of wood before he must then rest. The remainder of his day is spent reading the newspaper and news on the internet followed by spending the remainder of the day reading or watching television.

12. Post *Booker* the court must now impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of 18 U.S.C. §3553(a), and "to the extent that they are applicable, [must recognize] that imprisonment is not an appropriate means of promoting correction and rehabilitation." (18 U.S.C. §3582).

13. The defendant was arrested 18 months ago. Since that time he has been incarcerated three months and following his incarceration has undergone surgery on two separate occasions. The defendant's health no longer permits him to work and his movements are restricted because of his health problems.

## CONCLUSION

Given the defendant's health problems a departure below the advisory sentencing guideline is justified.

Dated: September 20, 2005

Respectfully submitted,

Joseph R. Conte, D.C. Bar #366827
(*Pro hac vice*)

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served, by First Class Mail, postage prepaid to:

Mr. Marshal Piccinini, Esquire
Office of the U.S. Attorney
10 State St., #202
Erie, PA 16507

this 12th day of July, 2005

_____
Joseph R. Conte

## Law Offices of Joseph R. Conte, P.L.L.C.

400 Seventh Street, N.W. Suite 400
Washington, D.C. 20004-2206
202.638.4100
Fax: 202.628.0249
email: jrc1113@msn.com

September 20, 2005

Clerk, Criminal Division
United States District Court
17 S. Park Row
Erie, PA 16501

    Re: *United States of America v. Darrell Sivik*
       Cr. No. 04-CR-17

Dear Sir/Madam:

  Enclosed is a motion for filing in the above referenced case. Additionally, I have enclosed a courtesy copy for the court and a copy to be file stamped and returned to me in the enclosed envelope.

  Thank you in advance for your attention to this matter.

                Sincerely,

                Joseph R. Conte

Enclosures

JRC/jc