NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-4528

UNITED STATES OF AMERICA

v.

DARRELL W. SIVIK

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 04-cr-00017)
District Court: Hon. Maurice B. Cohill

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2006

Before: Sloviter, McKee, and Rendell, Circuit Judges

(Opinion filed: August 16, 2006)

McKEE, Circuit Judge

    Darrell Sivik, a federally licensed firearms dealer, appeals from the sentence that was imposed after he entered a conditional guilty plea to charges arising from his unlawful transfer of two machine guns in violation of 26 U.S.C. §§ 5861(e), and 5845(a) and (b). He now argues that his conviction can not stand because it violates a constitutional right to bear arms contained in the Second Amendment, and denies him due process of law in violation of the Fifth Amendment. We will affirm.

1

Sivik's claims of error rest upon his assertion that the Second Amendment embodies a right to possess and transfer unregistered machine guns, and the applicable registration requirements violate his Fifth Amendment privilege against self incrimination.

We reject his Second Amendment claim based upon our discussion in *United States v. Rybar*, 103 F.3d 373 (3d. Cir. 1996). In *Rybar*, we also noted that the Supreme Court has upheld firearms registration requirements against challenges based upon the Second Amendment. *Id.*, at 281. Although Sivik's challenge to the registration requirements is based upon the Fifth Amendment's privilege against self incrimination rather than the purported constitutional right to bear arms under the Second Amendment, his Fifth Amendment challenge is equally meritless.

Although the registration requirements as previously enacted did violate the Fifth Amendment, *see United States v. Haynes*, 390 U.S. 85 (1968), Congress has since cured the constitutional infirmity by enacting 26 U.S.C. § 5848(a). *See United States v. Freed*, 401 U.S. 601 (1971).[1]

Accordingly, the judgment of sentence will be affirmed.[2]

---

[1] *See also*, *Rybar*, wherein we explained that the Supreme Court has "upheld the constitutionality of a firearms-registration requirement against a Second Amendment challenge." 103 F.3d at 281. (*citing United States v. Miller,* 307 U.S. 174 (1939)).

[2] We have also previously rejected Sivik's argument that 18 U.S.C. 922 (0) invalidates the revenue generating scheme of 26 U.S.C. §5861. *See United States v. Grier*, 354 F.3d 210 (3d. Cir. 2003).